**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EKENE SAMPSON AKPURU, | ) | |
| Petitioner, | ) | |
| vs. | ) | Civil Action No. 3:26-cv-047 |
| | ) | Judge Stephanie L. Haines |
| LEONARD ODDO, | ) | Magistrate Judge Peter E. Ormsby |
| Respondent. | ) | |

**MEMORANDUM ORDER**

Presently before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Ekene Sampson Akpuru ("Petitioner") (ECF No. 3) and Petitioner's Motion for Preliminary Injunction (ECF No. 4). As the Petition for Writ of Habeas Corpus has not been fully briefed, this Opinion only addresses the Motion for Preliminary Injunction.

A brief statement of the facts reveals that Petitioner had overstayed a B-1 business visitor visa and he was later convicted of criminal fraud charges. He was taken into custody but was later released on November 20, 2021, on an "order of recognizance." Then on December 11, 2025, he was arrested on new criminal charges, but at the time of arrest was told that he was being detained on the basis of immigration violations. He was placed in immigration custody at Moshannon Valley Detention Center. Removal proceedings were commenced and an order of removal was entered and appealed and is now pending with the Bureau of Immigration Appeals. In his Preliminary Injunction Motion, Petitioner is seeking to maintain the status quo pending the Habeas determination claiming that the revocation of his November 2021 release was unlawful. ECF No. 4, pp. 3-4. This matter was referred to Magistrate Judge Peter E. Ormsby for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On September 4, 2026, Magistrate Judge Ormsby filed a Report and Recommendation (ECF No. 19) recommending that the Motion for Preliminary Injunction (ECF No. 4) be denied because Petitioner had not satisfied the first prong of four used to evaluate whether a preliminary injunction should issue. Namely, that Petitioner had not shown the likelihood of success of his case. The Parties were advised they could file objections to the Report and Recommendation within 14 days. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Neither party has filed objections, and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 19) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Ormsby in this matter. Judge Ormsby correctly found that Petitioner is detained under 8 U.S.C. § 1226 and as such, immigration officials have broad discretion to revoke a noncitizen's release during removal proceedings. ECF No. 19, pp. 7-8. Therefore, Petitioner is unable to establish the likelihood of success of his case.

Accordingly, the following order is entered:

**ORDER**

AND NOW, this 28th of September, 2025, IT IS ORDERED that Petitioner's Motion for Preliminary Injunction (ECF No. 4) hereby is DENIED; and,

IT IS FURTHER ORDERED that Magistrate Judge Ormsby's Report and Recommendation (ECF No. 19) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the jurisdiction of this case is returned to the Magistrate Judge for further proceedings.

Stephanie L. Haines
United States District Judge